# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| KELLY A. HARKLEROAD, | ) CASE NO. 4:03-cv-15 |
| | ) |
| Plaintiff, | ) |
| | ) MAGISTRATE JUDGE |
| v. | ) NANCY A. VECCHIARELLI |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) **MEMORANDUM OPINION AND** |
| Defendant. | ) **ORDER** |

This case is before the undersigned United States Magistrate Judge upon the consent of the parties. (Doc. No. 8.) Before the Court is Defendant, the Commissioner of Social Security's ("the Commissioner"), Motion to Reinstate Case and Enter Final Judgment ("Motion"). (Doc. No. 24.) For the reasons set forth below, the Commissioner's Motion is GRANTED in part.

**I.**

On January 3, 2003, Plaintiff filed her complaint *pro se* to challenge the Commissioner's final decision finding Plaintiff not disabled under the Social Security Act. (Doc. No. 1.) On August 26, 2003, the Commissioner filed a motion to remand this case pursuant to sentence six of 42 U.S.C. Section 405(g) for further administrative proceedings. (Doc. No. 21.) On September 30, 2003, the Court granted the

Commissioner's motion for remand pursuant to sentence six of 42 U.S.C. Section 405(g).  (Doc. Nos. 22, 23.)  The Court instructed the Commissioner to file with the Court, upon completion of the proceedings on remand, any additional and modified findings or fact and decision, and a transcript of the additional record and testimony upon which the ALJ's action in modifying or affirming was based.  (Doc. No. 22.)

On July 13, 2011, the Commissioner filed his Motion to Reinstate Case and Enter Final Judgment.  (Doc. No. 24.)  The Commissioner avers in his Motion that the matter proceeded as follows after the case was remanded:[1]

- An administrative law judge ("ALJ") scheduled a hearing for Plaintiff, to be held on March 30, 2007, and sent Plaintiff notice of the hearing;

- Plaintiff received the notice of her hearing;

- Plaintiff failed to appear at her hearing;

- The ALJ issued a Notice to Show Cause for Failure to Appear;

- Plaintiff failed to respond to the ALJ's show cause order;

- On April 25, 2007, the ALJ issued an unfavorable decision on the merits of Plaintiff's claims;

- In his decision, the ALJ informed Plaintiff that she could request the Appeals Council to review his decision; and

- Plaintiff did not request the Appeals Council to review the ALJ's decision.

(Mot. 2-3.)

Upon reviewing the Commissioner's Motion, the Court concluded that the

---

[1] Although the Commissioner cites to a transcript as the basis of these alleged facts, the docket does not contain an updated transcript or a notice that such a record was filed with the Clerk of Court.

2

Commissioner had failed to serve Plaintiff his Motion, as the Commissioner certified that all parties were given notice of the Motion via the Court's electronic filing system but Plaintiff represents herself *pro se* and the system does not have Plaintiff's email address. (Doc. No. 25.) The same day, the Court ordered the Commissioner to send Plaintiff a copy of his Motion by regular United States mail. (Doc. No. 25.) The Court also sent Plaintiff a copy of its order by regular United States mail to Plaintiff's address of record: 126 Pleasant Park Court, Lot 25, Warren, Ohio 44481. (*See* Docket Entry 7/13/11.) The Commissioner verified in an Amended Notice of Service that he, too, sent Plaintiff a copy of his Motion via regular United States mail on July 13, 2011. (Doc. No. 26.)

On July 20, 2011, the Court's mailing was returned because it was undeliverable to Plaintiff's address of record and the United States Postal Service was not able to forward the mail. (Doc. No. 27.) Therefore, on July 25, 2011, the Court ordered the Commissioner to file a Statement/Position Paper indicating whether he had perfected service of his Motion on Plaintiff; if he had not perfected service, whether he intended to perfect service on Plaintiff and how he intended to do so; and how a lack of service would affect his Motion. (Doc. No. 28.)

On August 15, 2011, the Commissioner filed his Statement Regarding Service. (Doc. No. 29.) The Commissioner averred to the following regarding his attempt to serve his Motion upon Plaintiff by regular United States mail:

- On July 18, 2011, the copy of the Commissioner's Motion that was mailed to Plaintiff was returned to counsel marked "Return To Sender; Not Deliverable As Addressed; Unable To Forward."

3

- The Commissioner searched Agency databases to determine whether Plaintiff had provided a different address to the Commissioner and discovered that the Agency had no other address for Plaintiff.

- Counsel called the telephone number that Plaintiff had provided to the Court and to the Commissioner in connection with this litigation and discovered that the telephone number had been disconnected.

- On August 8, 2011, the Commissioner resent a copy of his Motion via certified mail to Plaintiff's address of record, and on August 11, 2011, the mailing was returned marked "Not Deliverable As Addressed, Unable To Forward."

(Statement 1-2.)  The Commissioner concludes that he is unable to serve a copy of his Motion upon Plaintiff.  (Statement 2.)  The Commissioner contends, however, that his inability to serve Plaintiff should not affect the Court's ability to enter Final Judgment in this case because the case may be dismissed for Plaintiff's failure to prosecute this litigation by not complying with her obligation to keep this Court and the Social Security Administration informed of her current address.  (Statement 2.)

## II.

Sentence six of 42 U.S.C. § 405(g) permits a pre-judgment remand for consideration of new and material evidence that for good cause was not previously presented to the Commissioner.  *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 174 (6th Cir. 1994).  Upon remand pursuant to "sentence six, the court retains jurisdiction to over the case pending the subsequent proceedings before the Social Security Administration.  *Marshall v. Comm'r of Soc. Sec.*, 444 F.3d 837, 841 (6th Cir. 2006).  There is no final judgment until the Commissioner returns to the court to file the "additional or modified findings of fact and decision" pursuant to 42 U.S.C. Section 405(g), and the court enters a judgment.  *Krishnan v. Barnhart*, 328 F.3d 685, 691 (D.C.

Cir. 2003) (citing *Melkonyan v. Sullivan*, 501 U.S. 89,  98 (1991)).

The Commissioner did not file the ALJ's additional findings of fact and decision, or any other aspect of the record that followed remand; therefore, the Court is unable to determine a basis for a Final Judgment on the merits.  Plaintiff has not, however, made herself available to challenge the Commissioner's request for Final Judgment as she has not provided the Court or the Commissioner with an address or any other information with which she can be contacted.  The Commissioner has argued in the alternative that Plaintiff's case should be dismissed for her failure to prosecute— specifically, for failing to maintain a current address at which she may be contacted— and the Court agrees.

A court may dismiss a case over which it presides if the plaintiff fails to prosecute, comply with the Federal Rules of Civil Procedure, or comply with a court order.  Fed. R. Civ. P. 41(b); *Consolidation Coal Co. v. Gooding*, 703 F.2d 230, 232 (6th Cir. 1983) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962)).  This measure is available to the court as a tool to manage its docket and avoid unnecessary burdens on the tax-supported courts and opposing parties.  *Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 736 (6th Cir. 2008).  Although *pro se* Plaintiff's are held to less stringent standards than attorneys, their cases may still be subject to dismissal if they fail to meet their readily comprehended responsibilities before the court.  *See May v. Pike Lake State Park*, 8 F. App'x 507, 508 (6th Cir. 2001) (citing *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir.1991)) (dismissing case for failure to adhere to readily comprehended deadlines).  Indeed, dismissal for failure to prosecute may be

5

appropriate when a *pro se* plaintiff fails to keep the court apprised of her current address.  *White v. City of Grand Rapids*, 34 F. App'x 210, 211 (6th Cir. 2002).

Here, Plaintiff has failed to keep the Court apprised of her current address, or to ensure that any communication sent to her address of record is forwarded so that she may still receive it.

Although dismissal is harsh, it may be appropriate when no alternative sanction would protect the integrity of pre-trial procedures.  See *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980).  This Court has retained jurisdiction over this case for almost eight years, and almost a month has passed since the Court received notice that its order was undeliverable to Plaintiff.  Because Plaintiff has not allowed the Court or the Commissioner to remain in contact with her, and has not otherwise remained in contact with the Court, the Court has no way to proceed in this case.  Dismissal is the only sanction available here to protect the integrity of pre-trial procedures and avoid unnecessary burdens on the courts and opposing parties.  Accordingly, Plaintiff's case is dismissed for Plaintiff's failure to prosecute her case.

### III.

For the foregoing reasons, the Commissioner's Motion to Reinstate Case and Enter Final Judgment is GRANTED in part; that is, Plaintiff's case is dismissed for failure to prosecute.

**IT IS SO ORDERED**.

*s/ Nancy A. Vecchiarelli*
U.S. Magistrate Judge

Date:  August 16, 2011